Argued January 6, affirmed as modified January 27, 1965

# PROPES ET UX *v.* MURRAY BROTHERS CONSTRUCTION CO. ET AL

398 P. 2d 474

*Joseph Larkin,* Redmond, argued the cause for appellant. On the brief were Cunning, Brewster, Copenhaver & Larkin, Redmond.

*Ronald Marceau,* Bend, argued the cause for respondents. With him on the brief were McKay, Panner, Johnson & Marceau and Lyman C. Johnson, Bend.

Before McAllister, Chief Justice, and Sloan, Goodwin and Holman, Justices.

### HOLMAN, J.

Plaintiffs and defendants were construction contractors. They entered into a joint venture for the performance of a contract for the clearing of a right-of-way for a pipeline in central Oregon. The joint venture was to be performed in the name of the individual defendant, Murray. Plaintiffs were to furnish $10,000 operating capital and the corporate defendant $20,000. The profits or losses, as the case might be, were to be shared one-third by plaintiffs and two-thirds by the corporate defendant. The joint venture was to own no equipment but was to rent certain specified types of equipment from plaintiffs and the corporate defendant. A schedule of monthly rental

rates for each type of equipment was agreed upon with a provision for overtime rental for those hours the equipment was used each month in excess of the average of one shift each working day. The defendants were to keep the books and records of the joint venture.

Upon completion of the clearing contract plaintiffs were dissatisfied with the division of the proceeds made by defendants and brought suit for an accounting and judgment for any amount shown to be due them. The trial court found that defendants, as bookkeepers for the venture, made excessive payments to the corporate defendant in the sum of $2,700.09 and gave plaintiffs judgment for one-third of that amount or $900.03. Plaintiffs, being dissatisfied, appeal.

Plaintiffs' principal contention is that defendants in many instances padded the hours worked by caterpillar tractors rented from the corporation resulting in an excessive amount of overtime being paid to it as an expense of the joint venture. The trial judge considered all such claimed occurrences and ruled against plaintiffs in most of them. In all but one instance we find there was substantial evidence to sustain the trial court's denial of plaintiffs' claims of payment of excessive tractor rental and we see no reason to disturb his rulings.

■ We believe the trial judge should have allowed a reduction of one-half hour per working shift in the corporation's tractor time. The defendants kept track of the corporation's tractor rental hours on the basis of the hours of wages paid to tractor operators. The operators of the corporation's tractors were paid an average of one-half hour per shift for travel time which was not deducted when defendants computed tractor operating time. From the records available to

us we determine reduction in overtime rental to be $1,668.38. This sum turned back to the joint venture would result in its division one-third to plaintiffs and two-thirds to the corporation. Plaintiffs' share would be $556.13.

Plaintiffs contend that defendants' record keeping and attempted accounting were so grossly inadequate and unreliable that no fair division of the proceeds could be made as provided in the contract. In addition, they say they were required to put up a greater proportion of the capital than was provided in the agreement of joint venture and that they cleared more than one-third of the total area and therefore a division of the profits should be made on the basis of money invested or area cleared.

■ We do not find that defendants' records or accounting were so grossly inadequate as would justify a revised method for dividing the profits. In addition, there was insufficient evidence upon which to decree a division of the profits based upon area cleared as there was no adequate evidence of the kind of terrain cleared by each party.

■ It is true that during the course of the venture plaintiffs contributed more than one-third of the operating capital. Both plaintiffs and the corporation made contributions to capital in excess of the sums originally specified for them in the joint venture agreement, plaintiffs contributing more than one-third of such excess sums. The agreement anticipated the possibility that additional funds might be necessary and provided that, if contributed, they would be repaid as a debt of the joint venture before any return of the original capital investment specified in the agreement. There was no provision for any different division of

the profits if these additional contributions should be proportioned differently than the original contributions of capital. The court, therefore, feels that there can be no possible basis for a division of the profits on total capital invested as this would be changing the contract of the parties.

■ The court finds two other discrepancies in defendants' accounting. It finds that Mr. Johnson, defendants' bookkeeper, was paid two weeks' wages while spending approximately half that time engaged in completing records on a prior job performed by defendants. His wages for the two weeks were $350. One-half of this would constitute an overpayment of $175, one-third of which, or the sum of $58.33, should be returned to plaintiffs.

■ Defendants also allowed the corporation $500 rental for power saws that were being used to fell and buck timber upon the right-of-way. There was no provision in the rental scheduled for this type of equipment. Plaintiffs and the corporation both furnished power saws as necessary for their crews. Plaintiffs received no rental for the power saws they furnished. Therefore, plaintiffs would, in our opinion, be entitled to one-third of the amount paid to the corporation or $166.67.

The decree of the trial court is affirmed, being modified only in that plaintiffs will be given judgment for an additional sum of $781.13.

Costs to neither party upon appeal.